**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In the Matter of: 3DFX INTERACTIVE, INC., a California corporation,<br><br>        Debtor,<br><br>―――――――――――――――<br><br>WILLIAM A. BRANDT, Jr., Trustee,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>NVIDIA CORPORATION, a Delaware corporation; NVIDIA US INVESTMENT COMPANY, a Delaware corporation, FKA Titan Acquisition Corp. No. 2,<br><br>        Defendants - Appellees. | No. 11-15189<br><br>D.C. No. 5:08-cv-04634-RMW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, Senior District Judge, Presiding

Argued and Submitted October 8, 2014
San Francisco, California

Before: THOMAS, McKEOWN, and W. FLETCHER, Circuit Judges.

―――――――――――――

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

William Brandt, the trustee of the estate of 3dfx Interactive, a California-based manufacturer of graphics processing units, appeals from the district court's judgment affirming the bankruptcy court's determination that NVIDIA did not pay less than fair market value for assets purchased from 3dfx shortly before 3dfx filed for bankruptcy. We have jurisdiction under 28 U.S.C. § 158(d). We review the bankruptcy court's legal conclusions de novo and its factual determinations for clear error. *Decker v. Tramiel*, 617 F.3d 1102, 1109 (9th Cir. 2010). We affirm.

As a threshold matter, we retain jurisdiction over this case even after the Supreme Court's decision in *Executive Benefits Insurance Agency v. Arkison*, 134 S. Ct. 2165 (2014). *Arkison* did not disturb our prior precedent that the parties' consent permits a bankruptcy court to hear and decide so-called *Stern* claims. *See Mastro v. Rigby*, 764 F.3d 1090, 1093–95 (9th Cir. 2014). Here, the parties did not argue below, and have not argued here, that jurisdiction was improper. Thus the bankruptcy court had jurisdiction to enter final judgment on Brandt's claim, and the district court and this court have jurisdiction over Brandt's appeal.

Brandt argues that 3dfx's transfer of assets to its competitor NVIDIA was a fraudulent conveyance. He contends that NVIDIA obtained 3dfx's assets without paying reasonably equivalent value, leaving 3dfx insolvent. In particular, he argues that NVIDIA itself valued the transaction at $108 million, not the $70

2

million it paid; and that the higher estimate was justified, as NVIDIA acquired 3dfx's graphics business and its workforce, as part of the asset sale, in the transaction. We disagree.

First, the bankruptcy court did not err in holding that NVIDIA's declaration, on a form filed with the Department of Justice and the Federal Trade Commission, that the transaction was worth $108 million, did not estop NVIDIA from claiming that the value of the transferred assets was less than $70 million. The relevant regulations require disclosure of "the fair market value of the assets, *or*, if determined and greater than the fair market value, *the acquisition price*." 16 C.F.R. § 801.10(b) (emphasis added). Neither NVIDIA's disclosure nor the bankruptcy court's initial order estopped NVIDIA from claiming that the fair market value of the assets was $70 million or less.

Second, the bankruptcy court did not err in concluding that 3dfx did not transfer its graphics business and its associated workforce to NVIDIA. The bankruptcy court's finding that a graphics chip business was not transferred is amply supported by the record. Its conclusion that 3dfx did not transfer its workforce is supported by the record and our precedent: the purchase agreement did not make payment contingent on hiring 3dfx engineers, and the fact that many 3dfx engineers subsequently joined NVIDIA does not require a contrary result.

*See Atchison, Topeka & Santa Fe Ry. Co. v. Brown & Bryant, Inc.*, 159 F.3d 358, 365 (9th Cir. 1998).

Finally, Brandt's arguments involving procedural irregularities at trial are unavailing. The bankruptcy court's decision to exclude Brandt's proposed rebuttal expert witnesses was not an abuse of its discretion. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105–07 (9th Cir. 2001). Brandt was not prejudiced by the bankruptcy court's order temporarily closing proceedings to the public.

**AFFIRMED.**